#4400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE MAYBIN<br>Plaintiff<br>vs.<br>THE CITY OF PHILADELPHIA; PHILADELPHIA POLICE OFFICER DOE, BADGE # 8538; PHILADELPHIA POLICE OFFICER DOE, BADGE # UNKNOWN, individually and as police officers for the City of Philadelphia<br>Defendants | : JURY TRIAL<br>: DEMAND<br>:<br>: C.A. # 13-<br>:<br>: **13  5998** |

## COMPLAINT

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343(1),(3),(4) and the aforementioned statutory provision.

### II. PARTIES

2. Plaintiff, Christine Maybin is an adult female who was at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a City of the First Class in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

4. Defendant Doe, Badge number 8538, is and was at all times relevant to this Complaint, a police officer for Philadelphia Police department and acting under the color of state law. He is being sued in both his individual and official capacities.

5. Defendant Doe, Badge number 8538, is and was at all times relevant to this Complaint, a police officer for Philadelphia Police department and acting under the color of state law. He is being sued in both his individual and official capacities.

## III. FACTS

6. On August 24, 2013 at approximately 8:10 p.m., Plaintiff Christine Maybin was sitting on her porch writing letters.

7. At that time, Defendant police officers chased an individual from the next door vacant property onto Plaintiff's porch.

8. The Defendant police officers placed the individual in custody.

9. Defendants without cause or justification then placed Plaintiff under arrest by handcuffing Plaintiff's hands behind her back.

10. As a direct result of the unreasonable and unnecessary forced used in placing Plaintiff under arrest, Plaintiff sustained injuries to her right arm.

11. Plaintiff was required to sit for approximately one half hour handcuffed before she was released without being charged with a crime. Defendants also released the individual they chased after no narcotics or contraband were found.

12. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully assault and arrest without probable cause or a reasonable suspicion that Plaintiff was engaged in criminal activity and otherwise deprive Plaintiff of her civil and

constitutional rights including Plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

13. At no time did Plaintiff strike, attempt to strike or intend to strike any of the Defendant police officers or any other police officer. At no time did Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts or engage in any conduct, which in any way justified the actions of all Defendant police officers.

14. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious physical injury, including fractured arm, lacerations and contusions on her body.

15. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and pain and suffering, some or all of which may be permanent.

16. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer damage to her personal and business reputation.

17. As a direct and proximate result of the Defendants' actions, Plaintiff was subjected to physical and verbal abuse without just or probable cause.

18. At no time did Plaintiff pose a threat to Defendants or to others.

19. The actions of Defendants were undertaken in a menacing and arbitrary manner, designed to cause Plaintiff fear, distress and embarrassment.

20. The acts of Defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

21. The acts and omissions of the undivided Defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show Defendants' indifference to the danger of harm and injury.

22. The individual Defendants conspired to inflict harm on Plaintiff and deprive her constitutional rights.

23. Defendants made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Plaintiff access to the Courts and to due process.

24. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting her to excessive use of force, unlawful arrest and to due process.

25. As a direct and proximate result of the Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, fear, anxiety, embarrassment, loss of liberty, confinement, physical injuries, severe emotional trauma, and the loss of the enjoyment of life, all to her great detriment and loss.

26. As a direct and proximate cause of the Defendants' illegal and unconstitutional actions, Plaintiff suffered and continues to suffer financial loss and deprivation of other liberty interests to her great financial detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

27. The allegations set forth in paragraphs 1-26 inclusive, are incorporated herein as if fully set forth.

28. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States, Plaintiff's right to be free from excessive force, to be secure in one's person and property, subjected her to an unlawful arrest, to access to the Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

29. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

30. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

    a. Unjustified, unreasonable and illegal use of force by police officers;

    b. Unjustified, unreasonable and illegal arrest;

    c. Abuse of police powers, including harassment, improper searches and unreasonable force by police officers;

    d. Psychologically or emotionally unfit persons serving as police officers; and

    e. Failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as

presented herein.

31. Defendant, City of Philadelphia was deliberately indifferent to the need to:

    a. Test its officers for emotional and psychological fitness to serve as police officers;

    b. Monitor officers whom it knew or should have known were suffering from emotional and/or psychological problems that impair their ability to function as police officers;

    c. Train its police officers in the appropriate exercise of police powers;

    d. Facilitated, encouraged, tolerated, ratified, and/or was deliberately indifferent to officers using their status as police officers to have persons assaulted, or to achieve ends not reasonably related to their police duties; and

    e. Failure to properly train, supervise and discipline officer officers with regard to such police practices.

32. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Use of force by police;

    b. Arrests without probable cause or reasonable suspicion that the individual engaged in criminal activity;

    c. Exercise of police powers;

    d. Police officers with emotional or psychological problems; and

    e. Police officers use of their status as police officers to have persons assaulted, or to achieve ends not reasonably related to their police

duties.

33. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the Defendant police officers in this case, to violate the rights of citizens such as Plaintiff.

34. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including Defendant police officers in this case, to believe that they can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

35. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from excessive use of force, unlawful arrest and to due process of law.

36. Defendants City of Philadelphia and the individual named Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

37. By these actions, all Defendants have deprived Plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

38. Plaintiff re-alleges paragraphs 1-37 of this complaint as though fully set forth herein.

39. The conduct of the individual Defendants was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

40. As a result of the acts of the individual Defendants alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

41. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 10/15/13

MICHAEL PILEGGI, ESQUIRE
303 Chestnut Street
Philadelphia, PA 19106
Counsel for Plaintiff